Argued and submitted August 1, reversed and remanded December 26, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## TIMOTHY L. McGINNIS,
*Respondent.*

### 01C 41757; A116702

62 P3d 398

Kaye E. McDonald, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James J. Susee argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

**LANDAU, P. J.**

The state appeals an order suppressing evidence found during a warrantless search of defendant's car. The state contends that the search was justified either by reasonable concerns for officer safety or by the automobile exception to the warrant requirement. We conclude that the search was justified by the automobile exception to the warrant requirement and do not address the parties' arguments concerning officer safety. We therefore reverse and remand.

The relevant facts are not in dispute. Oregon State Trooper Campbell stopped defendant for a traffic infraction. As Campbell talked with defendant, he noticed a slingshot next to defendant and a nunchaku—a martial arts weapon consisting of two wooden sticks connected by a short length of rope or chain—sticking out from underneath the driver's seat. Campbell was concerned that defendant might have other dangerous weapons, so he asked defendant to step out of the car. Defendant complied.

Campbell asked defendant whether he had any more weapons. Defendant responded by lifting up his shirt to reveal a folding-blade knife in a sheath located in the small of his back. Campbell then searched defendant but found no other weapons. Campbell inquired whether defendant ever had been convicted of a felony. Defendant admitted that he had been convicted of assault in the second degree. Campbell then asked whether there were any more weapons in the car, and, in what Campbell described as an "obvious gesture," defendant dropped his head and did not answer. Campbell repeated the question, and defendant replied by asking the trooper whether he was going to be arrested if there were. Campbell asked whether there were any concealed guns in the car, but defendant again answered with a question whether he was going to jail. After Campbell asked once again whether there was a gun in the car, defendant stated that he was going to exercise his "Fifth Amendment right." Campbell then asked defendant for permission to search the car, but defendant replied that he wanted "to claim the Fifth Amendment."

Campbell handcuffed defendant, placed him in the back seat of the patrol car, and searched defendant's car for weapons. He found a short-barreled shotgun under a sleeping bag in the back seat.

Defendant moved to suppress the evidence of the shotgun on the ground that it was acquired as a result of an unlawful warrantless search. The trial court agreed. The court concluded that defendant's acknowledgment that he had been convicted of a felony and his concerns about going to jail if a gun were found in the car were not sufficient to establish probable cause to believe that he was in possession of a weapon, which would have justified the search under the automobile exception to the warrant requirement.

On appeal, the state argues that Campbell's search of the car was justified by the automobile exception to the warrant requirement. Under that exception, police may conduct a warrantless search of a lawfully stopped automobile if "(1) there is probable cause to believe that the lawfully stopped automobile contains contraband or crime evidence and (2) exigency is present, because the automobile is mobile at the time." *State v. Herrin*, 323 Or 188, 193 n 1, 915 P2d 953 (1996) (internal quotation marks omitted). Probable cause exists when an officer subjectively believes that a crime has been committed and that belief is objectively reasonable under the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).

The state argues that, in this case, defendant had admitted to a prior felony conviction and had given Campbell ample reason to believe that he had a gun in the car. Defendant argues that there was no basis on which Campbell reasonably could have concluded that, more likely than not, defendant had a gun in the car.

We agree with the state. Defendant told Campbell that he had been convicted of second-degree assault, a felony. When Campbell asked defendant whether he had a weapon in the car, defendant first made an "obvious gesture," dropping his head, which Campbell reasonably took as acknowledgment that there was a weapon in the car. When questioned again specifically about guns, defendant responded by asking whether he was going to jail, which Campbell again

reasonably took as an acknowledgment that there was indeed a gun in the car. When questioned yet again about whether there was a gun in the car, defendant again asked whether he was going to jail, and, again, Campbell reasonably understood that as an acknowledgment that there was a gun in the car.

There is no dispute that Campbell subjectively believed that, more likely than not, defendant had committed the offense of felon in possession of a firearm. We conclude that that subjective belief was objectively reasonable in light of defendant's responses to questions about whether he had a gun in the car. There is also no dispute that the car was mobile at the time. It necessarily follows that Campbell's search of the car was justified by the automobile exception to the warrant requirement. The trial court therefore erred in granting defendant's motion to suppress.

Reversed and remanded.